CRAUFURD *vs.* THE STATE use MUIR.

APPEAL from *Prince George's* county court. This was an action of debt brought on a bond entered into to the defendant, signed, sealed and delivered by him, are facts to be submitted to the jury.

Where an instrument of writing is required by law to be recorded, the enrolment of it is evidence of all circumstances necessary to give it validity. But this evidence is not conclusive. It is only *prima facie*, and like all *prima facie* evidence may be rebutted.

A, as the administrator of F, executed in due form of law, an administration bond in 1812. which was approved by the orphans court. and on which he obtained letters of administration. He afterwards, in 1816, executed a similar bond, which was placed upon the records of the orphans court, and upon which an action was brought against one of the sureties therein, who pleaded *non est factum*, and that the bond was delivered as an *escrow*, and it was proved that the obligors signed and sealed the bond. *Held*, that parol evidence was admissible to prove how the bond of 1816 came into the office of the register of wills, and why it was recorded; but that no such evidence was admissible respecting the bond of 1812.

1824.
Craufurd
vs.
The State

JUNE.

Whether an instrument of writing on which the action is brought is the deed of the

state, on the 9th of November 1816, by *John M. Hepburn*, with *Thomas R. Hodges* and the appellant; (the defendant in the court below,) conditioned that *Hepburn* should well and truly perform the office of administrator of *Jane Fishwick*, &c. The defendant pleaded, 1. That the bond was delivered as an *escrow*. 2. *Non est factum*. Issues were joined, and the plaintiff assigned for breaches, that on the 8th of April 1819, there remained in the hands of *Hepburn*, of the clear estate of *Fishwick*, the sum of $6571 92, by the account of the said *Hepburn* passed by the orphans court; and that *Robert Muir*, at whose instance this suit was brought, is the administrator of *James Muir*, deceased, one of the representatives of the said *Fishwick*, and as such entitled to the one fourth part of the said clear estate, amounting to $1642 98; and that *Hepburn*, although requested, never did pay, &c.

At the trial, the counsel of the plaintiff produced the bond on which the action was brought, dated the 9th of November 1816, and proved by the subscribing witness thereto, that the defendant, and the other obligors therein named, signed and sealed, and that he, as the subscribing witness, attested the same. The counsel of the plaintiff also produced an attested copy of said bond, certified by the register of wills of *Prince George's* county, as taken from the original bond filed and recorded in his office. The defendant then proved by said register of wills of *Prince-George's* county, and who was register before and has been ever since the year 1812, that the second bond on file in his office, purporting to be an administration bond on the estate of *Jane Fishwick*, and bearing date the 9th of November 1816, was delivered to him by *John M. Hepburn*, the administrator on said estate, during the recess of the orphans court, and without any application having been made either to the court or register, by any person interested in said estate, for additional or counter security, and was consequently never called for or acted upon, or sanctioned by the court; and at the time *Hepburn* delivered to the register the second bond, the register had some conversation with him, but which he could not now recollect. That this bond, being found in the office, was recorded by a deputy in the office, without any orders from the register or the court. That he did not recollect that he had any instruction from *Hepburn* at the time the bond was delivered to him to record

1824.

Cranfurd
vs
The State

it as an administration bond. That on the 6th of May 1812, *Hepburn* filed a bond, which the register produced, dated the 6th of May 1812, executed to the state by said *Hepburn*, with *Jane Hepburn* and *John S. Brookes* his sureties, conditioned for the performance, by said *Hepburn*, of the office of administrator of said *Fishwick*, and on the same day obtained letters of administration on the estate of said *Fishwick*, which bond was afterwards approved by the orphans court, and still remained on record in the orphans court as the administration bond of the said *Fishwick*. The counsel for the plaintiff objected to this proof as inadmissible, and the court, [*Stephen*, Ch. J. and *Key*, A. J.] being divided in opinion, the testimony was rejected. The defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and ARCHER, J.

*Taney*, for the Appellant, contended, that an attested copy, by the register of wills, of a bond purporting to be an administration bond, is not conclusive evidence that the bond was signed, sealed or delivered; and that therefore parol evidence was admissible to prove it was delivered as an escrow, or not delivered at all. Under the act of 1798, *ch.* 101, *sub ch.* 3, an administration bond must be approved by the court before it is admitted to record. A copy of the bond from the record was not conclusive evidence that the bond was given and accepted under any order of the court. Suppose the case of a forged administration bond, and suit was brought on an attested copy, it could not be contended that the person whose name was forged would be estopped from pleading *non est factum*. He would not be concluded by the copy, which might be *prima facie* evidence, but not conclusive evidence of the execution of the bond.

*Magruder*, for the Appellee. The law requires that the suit should be brought on an attested copy of the bond. There was no general prayer to the court below, whether the evidence was sufficient to entitle the plaintiff to recover. The object of the proof of the register was to falsify his record. Parol evidence is not admissible to contradict a record. The register of wills was not a competent witness to prove the facts set forth in the bill of exceptions.

1824.

Craufurd
vs
The State

*Sewell vs. Hepburn*, in this court, at June term 1818, is relied on against the admission of parol evidence in the present case. He also referred to 1 *Phill. Evid.* 237, 238; and *Leighton vs. Leighton*, 1 *Stra.* 210.

MARTIN, J. delivered the opinion of the court. Whether the paper dated the 9th of November 1816, on which this suit was instituted, is the deed of *Craufurd*, signed, sealed, and delivered by him, are facts to be submitted to the jury; and the only question for the consideration of this court is, whether the testimony offered at the trial ought to have been received for that purpose.

The counsel of the plaintiff, to support the issues on the part of the plaintiff, read in evidence to the jury the *original* bond of 1816, having proved by the subscribing witness, that it was signed and sealed in his presence, but nothing said of the delivery. Had he rested his case *entirely* on this *original* paper, it cannot be doubted that it would be competent for the defendant, upon the pleas in this case, to give evidence that the bond was delivered as an escrow; and if the jury were satisfied that the defendant had proved his pleas, they ought to have rendered a verdict in his favour. But the plaintiff also offered in evidence a certified copy of this bond from the records of the orphans court, and this presents the question, whether that copy was conclusive evidence of the due and legal execution and delivery of the bond.

Where an instrument of writing is required by law to be recorded, the enrolment of it is evidence of all circumstances necessary to give it validity. But this evidence is not conclusive; it is only *prima facie*, and like all *prima facie* evidence may be rebutted. To give it a conclusive effect might be ruinous to the community; an enrolment, however obtained, would exclude all inquiry; it would be a shield and protection to fraud, forgery and deceit.

We therefore think that the court erred in rejecting that part of *Trueman Tyler's* testimony that related to the bond of 1816; the residue of his testimony, respecting the bond of 1812, was not legal evidence, and the court did right in excluding it.

The judgment is reversed with costs, and a *procedendo* awarded.

JUDGMENT REVERSED, &c.